[No. 15622.  Department Two.  April 6, 1920.]

GEORGE W. BRISKY *et al., Respondents,* v. GREAT
NORTHERN LUMBER COMPANY, *Appellant.*[1]

WATERS AND WATER COURSES (72)—FLOODING—DAMAGES TO FARM
—EVIDENCE—SUFFICIENCY.  A verdict for $2,500 for damages to crops
and $3,500 for damages to lands through flooding plaintiff's lands
will not be held excessive, where there was evidence sustaining the
award for damages to the crops, the court required a remission of
$2,000, which was accepted, there was evidence that it cost $400 to
$500 to remove the debris from the land, which was rendered wet
and sour and part washed away, and the jury viewed the premises,
and a previous jury had returned a verdict for $7,500.

Appeal from a judgment of the superior court for
Chelan county, Grimshaw, J., entered June 7, 1919,
upon the verdict of a jury rendered in favor of the
plaintiffs, in an action for damages from flooding.
Affirmed.

*L. J. Nelson* and *Donworth, Todd & Higgins (Hyman
Zettler,* of counsel), for appellant.

*O. P. Barrows, Barrows, Hanna & Lebeck,* and *Cor-
bin, Whitney & Easton,* for respondents.

BRIDGES, J.—The plaintiffs are, and for many years
past have been, the owners of a farm in Chelan county,
bordering upon, or very near to, the Wenatchee river.
Icicle creek flows through that farm and empties into
the river.  In 1903, defendant's predecessors built a
dam in the river at a point somewhat below the mouth
of Icicle creek.  The purpose of this dam was to cre-
ate a pond of backwater to assist in its logging and
milling operations.  It appears that the dam at once
had the effect, during freshets, of causing the waters
to back up in Icicle creek and flood the farm lands
of the plaintiffs.  Ordinarily these floods occurred only

[1]Reported in 188 Pac. 767.

during the summer. In 1917, however, they came in June and December. It was alleged in the complaint that both of the 1917 floods had caused great damage to the plaintiffs' crops, and also to their lands, and had caused large quantities of debris to be washed thereon. It was for this damage that this suit was instituted. There was a verdict for the plaintiffs in the sum of $6,000. Upon the hearing of defendant's motion for a new trial, the court announced that it would grant the same unless there was a voluntary reduction of the verdict to $4,000. To this reduction the plaintiffs consented, and the motion for a new trial was overruled and judgment entered for $4,000. The defendant has appealed.

Error is alleged in the entry of the judgment for any amount, and particularly is it complained that the judgment is excessive. Special interrogatories were submitted to the jury for the purpose of segregating the damage. In this way the jury found damages to the crops in the sum of $2,500, and to the lands in the sum of $3,500. The appellant does not seriously complain about the amount returned by the jury as damages for the crops, but does contend that, under the testimony, the damages returned for injury to the lands are excessive and unsupported by the evidence. There was ample testimony to the effect that, in the spring of 1917, the respondents had more than seventy acres of land sown to hay and that, but for the unlawful flooding, there should have been a crop of from two and one-half to three tons per acre; that, as a matter of fact, only about forty tons were cut from the land. There was testimony showing the cost of raising and marketing the crops and the value thereof in the market. If the jury believed respondents' testimony, as it evidently did, the verdict of $2,500 for the crops was entirely within reason.

We are frank to say that, under all the circumstances, the special verdict of $3,500 damages to the land appears to us to be excessive. Manifestly it so appeared to the trial court, and for that reason he caused the verdict to be reduced $2,000. While there is nothing in the record to show whether this $2,000 was deducted from the amount of the damages on account of the crops or the land, or both, we think we may fairly assume that it was meant to be taken from the special verdict of $3,500 damages to the land. If so, this would only leave $1,500 damages to the land. According to the testimony, the cost of removing the debris from the land was $400 or $500, and that some of the soil was washed away and that the land was made wet and sour, there can be no question.

This dam has been productive of a great deal of litigation; this is the third time these parties and their predecessors have been before this court with reference to the same character of damage; the litigation seems to be perennial. However, this suit was for the damage caused by the 1917 floods, and the court's instructions to the jury were very full and elaborate and limited recovery to the year 1917. No errors in the instructions have been pointed out; in fact, appellant does not claim there were any errors therein. The jury was permitted to view the damaged premises; both parties introduced a large volume of testimony, and we cannot say the verdict, as reduced, is excessive. Nor can we overlook the fact that this same case was tried by a previous jury which returned a verdict for $7,500, which was set aside and a new trial granted, resulting in a verdict for $6,000, reduced by the court to $4,000.

Judgment affirmed.

HOLCOMB, C. J., TOLMAN, FULLERTON, and MOUNT, JJ., concur.